**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008[*]
Decided December 12, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1806

| | |
|---|---|
| KENNETH F. SASS, | On Petition for Review of a Decision of |
| *Petitioner*, | the Railroad Retirement Board. |
| | |
| *v.* | No. 07-AP-0038 |
| | |
| UNITED STATES RAILROAD | |
| RETIREMENT BOARD, | |
| *Respondent*. | |

**O R D E R**

Kenneth Sass challenges the decision of the Railroad Retirement Board ordering him to repay $34,946 in excess benefits and a $51,005 penalty. Because the Board's decision is supported by substantial evidence and has a reasonable basis in law, we uphold the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

decision.

Sass was 51 when he began receiving a disability annuity in 1991. Until recently, a disability annuitant like Sass could not earn more than $400 per month in wages or self-employment income without a reduction in benefits (the amount is now $700), and annuitants who exceed this cap must notify the agency. 45 U.S.C. § 231a(e)(4) (2000 & Supp. II 2002). A failure to do so has serious consequences. In addition to reimbursing the agency for unauthorized benefits, the annuitant will also be penalized with a loss of future benefits. A first failure to report earnings will result in a penalty equal to one month's benefits. *Id.; Reese v. R.R. Ret. Bd.*, 906 F.2d 355, 357 (8th Cir. 1990). A subsequent failure to report earnings will result in a penalty equal to the benefits for each month there were excess earnings. 45 U.S.C. § 231a(e)(4); *Reese*, 906 F.2d at 357.

At some point Sass took a job with Avis Rent A Car, and for several months in 1997 he earned more than $400 but did not disclose his earnings to the agency. When the omission was discovered, the agency recouped an overpayment of $3,311 and penalized Sass in the amount of $1,042. That incident is not at issue here, but in 2006 the agency learned that Sass's undisclosed earnings had also exceeded the earnings cap from 2001 through 2004. The agency notified Sass that his benefits had been overpaid by more than $34,000, and on the mistaken belief that this was his first failure to report the agency also assessed a penalty of $1,119. Sass, though, requested reconsideration, which prompted the agency to realize its mistake and increase the penalty to $51,005 because this was the second time that Sass had failed to report excess earnings. The overpayment amount and penalty were upheld by the agency's Bureau of Hearings and Appeals, and then by a divided Board.

In his petition for review, Sass does not contest his obligation to repay the unauthorized benefits; his only contention is that the Board should have waived recovery of the penalty. Our jurisdiction to review Board decisions arises under 45 U.S.C. § 231g. We will sustain a Board decision that is based on substantial evidence and has a reasonable basis in the law. *Weyerhaeuser Co. v. U.S. R.R. Ret. Bd.*, 503 F.3d 596, 601 (7th Cir. 2007); *Holman v. U.S. R.R. Ret. Bd.*, 253 F.3d 975, 978 (7th Cir. 2001).

The facts underlying the Board's decision are not challenged by Sass. For several *years* he exceeded the income cap without telling the agency, and he does not dispute the calculated amount of either the overpayment or the penalty. At best he contends that the penalty will cause him financial hardship.

The relevant statute provides that there "shall be no recovery" when benefits have been overpaid if, "in the judgment of the Board," the recipient is "without fault" and recovery would be contrary to the purposes of the Railroad Retirement Act or would be

inequitable. 45 U.S.C. § 231i(C); *see* 20 C.F.R. § 255.10. An annuitant can be found at fault through either action or inaction, including failure to report information that the annuitant should have known was material. 20 C.F.R. § 255.11(b), (d)(1)(I). Sass admitted receiving notice at the time of his application and every year thereafter that he was required to report excess earnings. And having already been caught not reporting excess earnings once before, Sass undoubtedly knew his duty to report. The Board found, and Sass does not dispute, that he was at fault for the overpayment.

In its decision the Board asserts with no citation to authority that the nondisclosure penalty "is not subject to waiver," but in its brief here, counsel for the Board does not repeat this contention. Instead, counsel now relies on 45 U.S.C. § 231a(e)(4) for the proposition that the nondisclosure penalty is "mandatory," as if that settles the question.

We generally defer to the Board's interpretation of the statutes Congress has entrusted it to administer. *Crown v. U.S. R.R. Ret. Bd.*, 811 F.2d 1017, 1019 (7th Cir. 1987). But the Board's interpretation must have a reasonable basis in law. *Holman*, 253 F.3d at 982. If the Board's reasoning is "so lacking in thoroughness that we are unable to discern the Board's basic path of analysis," then we will be unable to find that the interpretation has a reasonable basis in law. *Ry. Labor Executives' Ass'n v. U.S. R.R. Ret. Bd.*, 749 F.2d 856, 862 (D.C. Cir. 1984).

Given the Board's silence, it would be difficult for us to conclude that its interpretation of its waiver power has a reasonable basis in law, especially when our own research has not uncovered even one legal precedent discussing the question. But we need not decide the point because Sass does not qualify for a waiver in any case. As noted, the Board is authorized to waive recovery only if the beneficiary was not at fault for the overpayment, *and* if recovery would be contrary to the purpose of the Act or against equity or good conscience. 45 U.S.C. § 231i(C); *Peterson v. U.S. R.R. Ret. Bd.*, 780 F.2d 1361, 1363 (8th Cir. 1985). The Board determined that Sass was at fault for the overpayment because he failed to report his excess earnings and he knew this was required. Sass received information concerning the reporting requirements at the time of his application for benefits, he signed a certification to that effect, he annually received notice of the requirement, and he had been penalized once before for failing to report excess earnings. Because Sass concedes he was at fault, he has no chance for waiver.

The dissenting Board member feared that upholding the significant penalty would ultimately result in Sass filing for bankruptcy and the Board recovering nothing. The point is irrelevant. The prospect that overpayment or the penalty might be dischargeable has no bearing on the Board's legal authority to waive the penalty. The dissenting Board member

has conflated two unrelated questions, and we see no purpose in speculating further about whether the Board will succeed in collecting from Sass.

The petition for review is DENIED.